## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

OSCAR GUILLEN,                )
                              )
        Petitioner,       )
                              )
v.                            )   No. 1:06-cv-772-SEB-VSS
                              )
CRAIG HANKS,                  )
                              )
        Respondent.       )

**Entry Discussing Petition for Writ of Habeas Corpus**

**I.**

The petitioner's request to proceed *in forma pauperis* is **granted.**

**II.**

In a proceeding identified as No. WVCF 05-09-0058, Indiana prisoner Oscar Guillen ("Guillen") was found guilty of violating a prison rule prohibiting inmates from committing battery.

This same disciplinary proceeding was recently challenged and addressed in a habeas proceeding docketed in this court as No. 1:05-cv-1890-LJM-VSS. In that action, further styled as *Guillen v. Hanks,* Chief Judge McKinney found that the action was subject to summary dismissal pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Court.* Judgment dismissing the action was entered on the clerk's docket on May 2, 2006.

When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Potts v. United States,* 210 F.3d 770, 770 (7th Cir. 2000). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996); see *Benefiel v. Davis,* 403 F.3d 825, 827 (7th Cir. 2005); *United States v. Lloyd,* 398 F.3d 978 (7th Cir. 2005). Thus,

> [a]nyone who files a "second or successive" application must start in the court of appeals, and any effort to begin in the district court must be dismissed for want of jurisdiction . . . .

*Benton v. Washington,* 106 F.3d 162, 165 (7th Cir.1996). Section 2244 has been described as "self-executing." *Nunez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996). This means that a district court lacks all jurisdiction over such a matter until permission to file is granted by the Court of Appeals. *Id.*

The petitioner has already filed an action for relief pursuant to 28 U.S.C. § 2254(a), which reached an adjudication on the merits in No. 1:05-cv-1890-LJM-VSS through final judgment as described above. The present action is, from the above, another attempt to collaterally challenge the sentence. However, it is presented without authorization from the Court of Appeals to do so. Accordingly, the action must be dismissed for lack of jurisdiction and the action summarily dismissed pursuant to Rule 4 of the *Rules Governing Section 2255 Proceedings in the United States District Court.*

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 05/16/2006

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana